## COMMISSIONER OF INTERNAL REVE- NUE v. SOUTH COAST CORPO- RATION.

### No. 11859.

Circuit Court of Appeals, Fifth Circuit.
July 2, 1947.

Helen Goodner, Helen R. Carloss, and Homer R. Miller, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Orrin G. Judd, of New York City, for respondent.

Before SIBLEY, HOLMES, and WAL- LER, Circuit Judges.

### PER CURIAM.

The Commissioner held that for the tax year ending January 31, 1936, the South Coast Corporation shifted to others the burden of the Federal excise tax imposed upon processors of sugar and was, there- fore, subject to added unjust enrichment taxes under the provisions of Sec. 501 of the Revenue Act of 1936, 26 U.S.C.A. Int. Rev.Code, § 700. Upon a petition for re- determination by the Taxpayer, the Tax Court held, among other things, that the burden of the excise tax had been borne by the Taxpayer, not shifted, and that it was entitled to a refund for overpayment of such taxes, rather than an increase. The case deals, as usual, with a comparison of the average margin for the base period with the margin for the tax period, but it also involves the questions as to whether or not the base period of Taxpayer's pred- ecessor, whose assets and liabilities were taken over by Taxpayer in a tax-free cor- porate reorganization under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, should be taken as the base period of the Tax- payer, and whether or not crop costs for the year in question should be used as a basis for the accounting by Taxpayer in view of the fact that Taxpayer only ac- quired the sugar cane on October 1 of the tax year in question and had not, therefore, incurred the costs of planting and cultivat- ing the crop during the first months of the tax year.

We think that these questions were correctly answered by the Tax Court

and that there is "no clear-cut mistake of law" by the Tax Court in its answers to the legal questions involved.

 It also appears to us that the findings by the Tax Court that the accounting processes used by Taxpayer were appropriate and lawful, and that the average margin for the base period—with the accompanying presumption that the Taxpayer had absorbed the tax—are supported by the evidence. Moreover, the further finding by the Tax Court that, "Nevertheless, on the entire record we think that the Petitioner [Taxpayer] has established that during its taxable period it absorbed the contested processing tax on refined sugar sales" is a finding of fact particularly appropriate, in this type of case, to the specialized competence of the Tax Court and is supported by the evidence.

Thus it is that the Tax Court, on evidence in the record, has found that the marginal comparisons, as well as the other facts in the case, support the taxpayer's contention that it absorbed the tax and was entitled to a refund rather than an increase in its unjust enrichment taxes. Under the holdings in Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, the order of the Tax Court should be, and the same is,

Affirmed.